UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVID W. O'DELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:14-CR-86-TWP-CCS-10 |
| | ) | 3:16-CV-314-TWP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 423]. On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee ("FDSET") to review the case to determine whether Petitioner is eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), for unconstitutional vagueness. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Petitioner filed a pro se request for relief on June 9, 2016, challenging his sentence based on the *Johnson* decision [Doc. 423 (arguing that his sentence was improperly enhanced)].[1] FDSET did not file a supplement.

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

On March 21, 2017, Petitioner filed a pro se request for the appointment of counsel to investigate his eligibility for collateral relief in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) [Doc. 458]. However, as previously stated, the Court has already appointed counsel to look into whether the Petitioner has a claim under the *Johnson* decision. As such, Petitioner's request for the same is [Doc. 458] **DENIED as moot** in light of this Court's Standing Order.

The Supreme Court decided *Beckles v. United States* on March 6, 2016, holding that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *7 (U.S. March 6, 2017). Thus, binding authority now dictates that the *Johnson* decision does not undermine or adversely affect the instant sentence.

Because the *Beckles* decision forecloses any possibility of *Johnson*-based relief, Petitioner's § 2255 motion [Doc. 423] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a).

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2). "Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause).

.

The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

                    s/ Thomas W. Phillips
                    SENIOR UNITED STATES DISTRICT JUDGE