UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVID W. O'DELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) Nos. | 3:14-CR-86-TWP-CCS-10 |
| | ) | 3:16-CV-314-TWP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 423]. He basis his request for relief at least in part on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*; Doc. 424]. The United States filed an initial response in opposition on August 10, 2016 [Doc. 446], and supplemented that response on January 10, 2017 [Doc. 451]. Recently, the United States filed a motion to deny and dismiss the petition based on an intervening decision of the Supreme Court [Doc. 462]. Also before the Court is Petitioner's pro se request that this Court "appoint the Federal Defender Services Office" to represent him in light of unspecified "developments regarding the Sixth Circuit Court of Appeals" [Doc. 458]. For the reasons below, the request for counsel [Doc. 458] will be **DENIED**, the motion to deny and dismiss [Doc. 462] will be **GRANTED**, and pro se § 2255 motion [Doc. 423] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.  **BACKGROUND**

In 2015, Petitioner was convicted of conspiring to manufacture at least five grams of methamphetamine, in violation of 21 U.S.C. § 846 and 841(a)(1), (b)(1)(A), and conspiring to

distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C) [Doc. 407]. Based on prior Tennessee convictions for arson of a vehicle and Class D burglary, the United States Probation Office deemed Petitioner to be an a career offender under Section 4B1.1 of the United States Sentencing Guidelines [Presentence Investigation Report (PSR) ¶¶ 43, 58, 63, 65]. In accordance with that designation, this Court sentenced Petitioner to 188 months' incarceration on May 20, 2015 [Doc. 407]. Petitioner did file a direct appeal of conviction or sentence.

The Supreme Court decided *Johnson* on June 26, 2015. On June 9, 2016, Petitioner filed the instant petition challenging his career offender enhancement based on that decision [Doc. 423].

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 462]. On March 31, 2017, the United States filed a motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 462]. Petitioner has not responded in opposition.

I.      REQUEST FOR THE APPOINTMENT OF COUNSEL

On March 21, 2017, Petitioner filed a pro se motion requesting that this Court "appoint the Federal Public Defenders Office to represent [him] . . . in light of new developments regarding the Sixth Circuit Court of Appeals." To the extent that Petitioner seeks counsel to assist in litigation of his *Johnson*-based challenge, that request will be **DENIED as moot** in light of the fact that this Court already appointed Federal Defenders of Eastern Tennessee (FDSET) by Standing Order to

2

identify and represent all defendants in the Eastern District of Tennessee with a viable argument for collateral relief based on *Johnson*. E.D. Tenn. S.O. 16-02 (Feb. 11, 2016). To the extent that he requests counsel to aid in some other unidentified and yet-to-be-asserted ground for collateral relief, that request will be **DENIED** because Petitioner has not demonstrated that counsel is necessary to ensure that those claims are fairly raised or heard. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986); *see also Childs v. Pellegrin*, 822 F.2d 1382, 1284 (6th Cir. 1987) (explaining that the appointment of counsel in a civil case is a matter within the discretion of the district court).

## II. MOTION TO DISMISS WITH PREJUDICE

In addition to the petition, this Court is in possession of the United States' request to deny and dismiss Petitioner's collateral challenge to his career offender designation in light of *Beckles*. Petitioner has not filed a response and the time for doing so has now passed [Doc. 457]. This Court interprets the absence of a response as a waiver of opposition. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (explaining that failure to respond or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought").

For the reasons discussed in detail below, that request [Doc. 462] will be **GRANTED**.

## III. PETITION FOR COLLATERAL RELIEF

### A. Standard of Review

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir.

3

2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

   B.   Analysis

The petition contains two grounds for collateral relief.[1] In the first, Petitioner argues that *Johnson* removed Tennessee arson of a vehicle and burglary from Section 4B1.2's definition of "crime of violence" and that, without those convictions, Petitioner lacks sufficient predicates for career offender enhancement [Doc. 423 pp. 5–7; Doc. 424 pp. 4–6].[2] In the second, Petitioner claims that counsel rendered ineffective assistance of counsel by failing to object to his categorization as a career offender based on those same two predicates at the sentencing hearing

---

[1]   Petitioner divides his claims into three grounds for collateral relief, but two of the arguments—improper enhancement and improper Guideline calculation in light of *Johnson*—are in effect a single theory of relief.

[2]   The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

4

[Doc. 423 p. 4 (faulting counsel for not "object[ing] at sentencing to [Petitioner's] two prior Tennessee state court convictions listed in [the PSR] as being crimes of violence under Section 4B1.1"); Doc. 424 pp. 2–3 (arguing counsel should have objected to the career offender status)].

### 1. Merits of *Johnson*-Based Guideline Challenge

To the extent that Petitioner challenges his career offender designation based on *Johnson*, that argument fails because the Guidelines are not subject to void for vagueness analysis. *Beckles*, 137 S. Ct. 894. As such, *Johnson* does not justify the collateral relief that Petitioner requests.

### 2. Ineffective Assistance of Counsel at Sentencing Hearing

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *See also, Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see*

*also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

The Court sentenced Petitioner on May 20, 2015, roughly a month before the Supreme Court decided *Johnson*. Even if that decision had somehow changed what offenses are capable of serving as career offender predicates—it did not, failure to predict that change would not be ineffective assistance. *See, e.g.*, *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) ("[T]here is no general duty on the part of defense counsel to anticipate changes in the law."); *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) (noting non-egregious "errors such as failure to perceive or anticipate a change in the law . . . cannot be considered ineffective assistance of counsel"). Here, Petitioner's prior convictions for arson of a vehicle and Class D burglary were as crimes of violence under either the enumerated-offense, use-of-physical-force, or residual provisions. Counsel was not ineffective for failing to raise a meritless objection to that classification. *See, e.g.*, *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (explaining that counsel cannot be held constitutionally ineffective for failing to pursue meritless claim or raise a meritless objection).

## IV. CONCLUSION

For the reasons discussed above, Petitioner's pro se request for the appointment of counsel [Doc. 458] will be **DENIED**, the United States' motion to deny and dismiss [Doc. 462] will be **GRANTED**, and Petitioner's pro se § 2255 motion [Doc. 423] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to

6

proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**


                             s/ Thomas W. Phillips
                            SENIOR UNITED STATES DISTRICT JUDGE